NOREEN A. MADOYAN (State Bar No. 279227)
Noreen@MarguliesFaithLaw.com
MEGHANN A. TRIPLETT (State Bar No. 268005)
Meghan@MarguliesFaithLaw.com
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile:   (818) 705-3777

Attorneys for Plaintiff Jeremy W. Faith,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## NORTHERN DIVISION

| | |
|---|---|
| In re | Case No.:  9:19-bk-10657-DS |
| JEANNE MARY CIMARUSTI, | Chapter: 7 |
| Debtor. | Adv. No.: |
| | |
| JEREMY W. FAITH, Chapter 7 Trustee, | **COMPLAINT FOR:** |
| Plaintiff, | **(1) AVOIDANCE OF ACTUAL FRAUDULENT TRANSFER [11 U.S.C. § 548(a)(1)(A)];** |
| v. | **(2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. § 548(a)(1)(B)];** |
| PAUL CIMARUSTI, an individual, | **(3) RECOVERY OF AVOIDED TRANSFER [11 U.S.C. § 550];** |
| Defendant. | **(4) TURNOVER [11 U.S.C. § 542]; and** |
| | **(5) DECLARATORY RELIEF** |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Jeremy W. Faith (the "Plaintiff"), the chapter 7 trustee for the above-captioned bankruptcy estate (the "Estate") of Jeanne Mary Cimarusti ("Debtor"), respectfully alleges as follows:

### STATEMENT OF JURISDICTION AND VENUEE

1.      This adversary proceeding filed pursuant to Federal Rule of Bankruptcy Procedure (F.R.B.P.) 7001(1) (a proceeding to recover money or property).

2.      Plaintiff, as Chapter 7 Trustee of the Estate, has standing to bring this action under 11 U.S.C. §§ 542, 548, 550 and 551.

3.      This Court has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) in that this proceeding arises in and relates to the Debtor's main bankruptcy proceeding, pending in the Central District of California, Northern Division, as *In re Jeanne Mary Cimarusti*, Case No. 6:18-bk-11502-DS (the "Bankruptcy Case").

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a) because this adversary proceeding arises under and in connection with a case filed under Title 11 which is pending in this district.

5.      This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O).  To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

## I.    PARTIES

6.      Plaintiff is the duly appointed, qualified, and acting Chapter 7 Trustee in the Bankruptcy Case.

7.      Plaintiff is informed and believes that defendant Paul Cimarusti ("Paul") is an individual residing in the Multnomah County, State of Oregon, and is subject to the jurisdiction of this Court.

8.      Plaintiff is informed and believes that the Debtor is Paul's mother.

## II.    GENERAL ALLEGATIONS

9.      The Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code on April 10, 2019 (the "Petition Date").  Thereafter, Plaintiff was appointed as the chapter 7 trustee of the Debtor's Estate.

10.      Plaintiff is informed and believes that prior to the Petition Date, in or about 2008, the Debtor purchased the real property commonly known as 200 Oak Leaf Drive, Unit 202, Thousand Oaks, CA 91360 (APN # 524-0-300-295) (the "Property").

///

2

1    11.    Plaintiff is informed and believes that the down payment to purchase the

2    Property was made using the Debtor's funds.

3    12.    Plaintiff is informed and believes that Seterus, Inc. held the promissory

4    note secured by a first position deed of trust on the Property (the "Note").

5    13.    Plaintiff is informed and believes that from the date the Property was

6    purchased through at least 2019, the monthly mortgage payment on the Property was

7    paid using the Debtor's funds.

8    14.    On February 6, 2019, the Debtor recorded a Homestead Declaration

9    against the Property as Instrument Number 20190206-00011483-0 1/3 in the Ventura

10    County Recorder's Office.

11    15.    Plaintiff is informed and believes that on or about February 21, 2019, the

12    Debtor sold the Property for the total sum of $335,000 (the "Sale").

13    16.    Plaintiff is informed and believes that after payment of the Note, taxes and

14    all other costs of sale, the Debtor received $75,611.30 in net proceeds from the Sale

15    (the "Net Proceeds").  A copy of the Seller's Final Settlement Statement is attached

16    hereto as **Exhibit A**.

17    17.    Plaintiff is informed and believes that on or about March 11, 2019, the

18    Debtor transferred $65,000 of the Net Proceeds (the "Transferred Funds") to the

19    Defendant (the "Transfer").

20    18.    In the Debtor's Schedule A/B filed in the Bankruptcy Case as Docket No. 1,

21    the Debtor listed the Transferred Funds as being "Held in Trust by Debtor's Son

22    [Defendant]."

23    19.    In the Debtor's Schedule C filed in the Bankruptcy Case as Docket # 1, the

24    Debtor listed the Transferred Funds as exempt pursuant to California Code of Civil

25    Procedure §704.960 (the "Exemption").

26    20.    At the Debtor's 11 U.S.C. §341(a) meeting of creditors (the "341(a)

27    Meeting"), held on May 20, 2019, the Debtor testified that she does not intend to use the

28    Net Proceeds to purchase a new residence.

21.    Plaintiff is informed and believes that as of the Petition Date, the Defendant had disposed of at least $18,250 of the Transferred Funds.

22.    To date, the Trustee is informed and believes that the Defendant has not used the Transferred Funds to purchase a new residence.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Actual Fraudulent Transfer)

### [11 U.S.C. § 548(a)(1)(A)]

23.    Plaintiff realleges and incorporates by reference each and every preceding paragraph of the Complaint as if fully set forth herein.

24.    The Transfer was a transfer of an interest of the Debtor in the Property to Defendant within the two (2) years prior to the Petition Date.

25.    Plaintiff is informed and believes that the Transfer was made with actual intent to hinder, delay, or defraud creditors of the Debtor.  Plaintiff is informed and believes that the Transfer was a fraudulent transfer avoidable under 11 U.S.C. § 548(a)(1)(A).

26.    Plaintiff may recover, for the benefit of the Estate, the Transfer, or the value of the Transfer, from Defendant, or from any entity for whose benefit the Transfer was made, or any immediate or mediate transferee of Defendant.

## SECOND CLAIM FOR RELIEF

### (Avoidance of Constructive Fraudulent Transfer)

### [11 U.S.C. § 548(a)(1)(B)]

27.    Plaintiff realleges and incorporates each and every preceding paragraph of the Complaint as if fully set forth herein.

28.    Plaintiff is informed and believes that the Debtor received less than a reasonably equivalent value in exchange for the Transfer.

29.    Plaintiff is informed and believes that the Debtor:

a. Was insolvent on the date of the Transfer or became insolvent as a result of the Transfer;

b. Was engaged in business or a transaction, or was about to engage in

1    business or a transaction, for which any property remaining with the Debtor

2    following the Transfer was an unreasonably small capital; or

3        c.  Intended to incur, or believed that he would incur, debts that would be

4    beyond the Debtor's ability to pay as such debts matured.

5        30.  Plaintiff is informed and believes that the Transfer was a fraudulent transfer

6    avoidable under 11 U.S.C. § 548(a)(1)(B).

7        31.  Plaintiff may recover, for the benefit of the Estate, the Transfer or the value

8    of the Transfer from Defendant, or from any entity for whose benefit the Transfer was

9    made, or any immediate or mediate transferee of Defendant.

10                    **THIRD CLAIM FOR RELIEF**

11                 **(Recovery of Avoided Transfer)**

12                   **[11 U.S.C. § 550]**

13        32.  Plaintiff realleges and incorporates by reference each and every preceding

14    paragraph of the Complaint as if fully set forth herein.

15        33.  To the extent that the Transfer is avoided pursuant to 11 U.S.C. § 548,

16    Plaintiff may recover, for the benefit of the Estate, the Transfer, or the value of such

17    transfer, from Defendant or from the entity or entities for whose benefit the Transfer was

18    made, or any immediate or mediate transferee of such initial transferee.

19                    **FOURTH CLAIM FOR RELIEF**

20                 **(Turnover of Property of the Estate)**

21                   **[11 U.S.C. § 542]**

22        34.  Plaintiff realleges and incorporates by reference the preceding paragraphs

23    of the Complaint as if fully set forth herein.

24        35.  Plaintiff is informed and believes that the Defendant is in possession or

25    control of the Transferred Funds.

26        36.  Plaintiff is entitled to an order compelling Defendant to turn over

27    possession of the Transferred Funds to the extent that it is determined to be property of

28    the Estate.

### FIFTH CLAIM FOR RELIEF

### (Declaratory Relief)

37.    Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

38.    Plaintiff maintains that the Transferred Funds are property of the Estate pursuant to 11 U.S.C. § 541(a)(2).  Plaintiff is informed and believes that an actual controversy now exists between Plaintiff and Defendant regarding their respective rights and title to the Transferred Funds.

**WHEREFORE**, Plaintiff prays for relief as follows:

1.    That the Court issue a judgment avoiding the Transfer as a fraudulent transfer under 11 U.S.C. § 548(a)(1)(A) or (B);

2.    That the Court issue a judgment against Defendant for turnover of the value of the Transferred Funds, together with interest thereon at the legal rate from the date of the Transfer;

3.    That the Court issue a judgment ordering Defendant to turn over possession of the Property to Plaintiff;

4.    That the Court issue a judgment that 100% interest in the Transferred Funds is property of the Bankruptcy Estate;

5.    That the Court issue a judgment against Defendant which awards Plaintiff his attorneys' fees, along with the costs of suit incurred herein; and

6.    That the Court grant such other relief as the Court deems just and proper.

DATED:  November 7, 2019          **MARGULIES FAITH, LLP**


By: _/s/ Noreen A. Madoyan_____
Meghann A. Triplett
Noreen A. Madoyan
Attorneys for Plaintiff Jeremy W. Faith,
Chapter 7 Trustee

# EXHIBIT A

**LANDMARK ESCROW**

30699 Russell Ranch Rd., #100
Westlake Village, CA 91362

Phone:  (818) 706-9030
Fax:  (818) 661-4662

## AMENDED SELLER'S FINAL SETTLEMENT STATEMENT

**PROPERTY:** 200 Oak Leaf Drive, #202
Thousand Oaks, CA 91360

**DATE:** March 22, 2019

**CLOSING DATE:** February 21, 2019

**SELLER:** Jeanne Cimarusti and Peter Palumbo

**ESCROW NO.:** 031907-LD

| | DEBITS | CREDITS |
|---|---|---|
| **FINANCIAL CONSIDERATION** | | |
| Total Consideration | | 335,000.00 |
| Deposit from Oaknoll Condominium Association | | 335.00 |
| Seller Credit toward closing costs | 700.00 | |
| | | |
| **PAYOFF CHARGES - Seturus Inc.** | | |
| **[Total Payoff $223,477.42]** | | |
| Principal Balance | 218,173.49 | |
| Unpaid Interest | 4,767.60 | |
| Escrow Overdraft | 102.49 | |
| Late Charges | 228.99 | |
| nSF Charges | 14.52 | |
| Property Inspection Costs | 15.00 | |
| Recording Cost to Release documents | 99.00 | |
| Late fee for February | 76.33 | |
| | | |
| **PRORATIONS/ADJUSTMENTS** | | |
| County Taxes at $1,695.06/semi-annually from 02/21/2019 to 07/01/2019 | | 1,224.21 |
| HOA at $335.00/monthly from 02/21/2019 to 03/01/2019 | | 111.67 |
| | | |
| **COMMISSION CHARGES** | | |
| Re/Max Olson and Associates | 8,375.00 | |
| Active Real Estate | 8,375.00 | |
| | | |
| **H.O.A./MANAGEMENT** | | |
| Transfer Fee to Oaknoll Condominium Association, Inc. | 75.00 | |
| Dues for February to Oaknoll Condominium Association, Inc. | 335.00 | |
| Document Fee(s) to Oaknoll Condominium Association, Inc. | 100.00 | |
| | | |
| **OTHER DEBITS/CREDITS** | | |
| CondoCerts Service Fee | 20.00 | |
| HomeGuard Home Warranty for Home Warranty Policy | 455.00 | |
| Property I.D. for NHD Report | 89.00 | |
| Steve Simmons `Per Instruction | 82.00 | |
| Air Work Solutions Per Invoice | 333.10 | |
| Peter Palumbo for Reimbursement | 13,500.00 | |
| Jeanne Cimarusti for Net Proceeds | 75,611.30 | |
| | | |
| **TITLE/TAXES/RECORDING CHARGES - First American Title Company** | | |
| Title - Owner's Title Insurance | 1,232.00 | |
| Title - Sub Escrow Fee | 62.50 | |
| Title - Wire Fee | 30.00 | |
| Transfer Tax - County to Ventura County | 368.50 | |
| 2018-2019 2nd 1/2 taxes to Ventura County Tax Collector | 1,695.06 | |
| | | |
| **ESCROW CHARGES - Landmark Escrow** | | |
| Title - Escrow Fee | 1,170.00 | |
| Title - Processing Demands | 150.00 | |
| Title - Drawing Grant Deed | 100.00 | |
| | | |
| **Net Proceeds** | 335.00 | |
| | | |
| **TOTAL** | $  336,670.88 | $  336,670.88 |

**SAVE THIS STATEMENT FOR INCOME TAX PURPOSES**

**EXHIBIT A**                    **Page 7**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **COMPLAINT FOR: (1) AVOIDANCE OF ACTUAL FRAUDULENT TRANSFER [11 U.S.C. § 548(a)(1)(A)]; (2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. § 548(a)(1)(B)]; (3) RECOVERY OF AVOIDED TRANSFER [11 U.S.C.§ 550]; (4) TURNOVER [11 U.S.C. §542]; and (5) DECLARATORY RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
On **November 7, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**CHAPTER 7 TRUSTEE: Jeremy W. Faith (TR)**     Trustee@MarguliesFaithlaw.com,
C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
**ATTORNEY FOR DEBTOR: David S Quintana**     dsquintanalaw@gmail.com, r59992@notify.bestcase.com
**INTERESTED PARTY: Valerie Smith**     claims@recoverycorp.com
**UST: United States Trustee (ND)**     ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **November 7, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE:** Hon. Deborah J. Saltzman, U.S. Bankruptcy Court, 255 E. Temple St., Ste. 1634, Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 7, 2019 | Victoria Castrellon | /s/ Victoria Castrellon |
|---|---|---|
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**